# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>PAMELA D. STRAIN<br><br>                Debtor. | Bankruptcy Case No. 18-13674<br><br>Chapter 7<br><br>Hon. Judge Deborah L. Thorne, Presiding |
| BOARD OF EDUCATION POSEN ROBBINS SCHOOL DISTRICT 143.5,<br><br>                Plaintiff,<br><br>      v.<br><br>PAMELA D. STRAIN,<br><br>                Defendant. | Adversary No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF DEBT

Plaintiff, BOARD OF EDUCATION POSEN ROBBINS SCHOOL DISTRICT 143.5 ("Plaintiff"), by and through its attorney, Leslie Quade Kennedy of ODELSON & STERK, LTD., submits this Complaint Objecting to the Dischargeability of any Debt owed by Defendant, PAMELA D. STRAIN (the "Debtor"), to Plaintiff pursuant to Bankruptcy Code §523 (11 U.S.C. § 523) and seeking an order determining that the judgment obtained by Plaintiff against Debtor is excepted from discharge. In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1.    This Adversary Proceeding relates to the Chapter 7 Voluntary Petition filed by the Debtor, *In re Pamela D. Strain*, No. 18-13674 (Bankr. N.D. Ill.), now pending before this Court (the "Bankruptcy Case"). Plaintiff holds secured claims against the Debtor pursuant to Default Judgment Order (the "Default Judgment") entered by the Circuit Court of Cook County, Illinois

on February 22, 2016, in *Posen-Robbins School District 143.5 v. Beacon Hill Preparatory Academy, an Illinois corporation and Pamela D. Strain, individually*, Case No. 15 L 9666 (the "Judgment Action"). A copy of the Default Judgment is attached and incorporated as **Exhibit 1**. The Default Judgment includes equitable monetary relief in favor of the Plaintiff and against the Debtor and her co-defendant, jointly and severally, in the amount of $307,757.30.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

3. Venue in the Northern District of Illinois is proper under 28 U.S.C. §1409(a).

## BACKGROUND FACTS

4. Plaintiff, BOARD OF EDUCATION POSEN ROBBINS SCHOOL DISTRICT 143.5, is a body politic and corporate which, pursuant to the Illinois School Code, has the capacity to sue on behalf of Posen Robbins School District 143.5 ("District").

5. Defendant, PAMELA D. STRAIN, is the Debtor in the Bankruptcy Case now pending before this Court.

6. Judgment Action Defendant Beacon Hill Preparatory Academy was an Illinois not for profit corporation which was dissolved by involuntary dissolution on August 11, 2017. A copy of the Corporation File Detail Report from the Illinois Secretary of State's website is attached hereto and incorporated herein as **Exhibit 2**.

7. On information and belief, the last address of Beacon Hill Preparatory Academy was 16511 S. Park Ave., South Holland, IL 60473.

8.  According to the Bankruptcy case, Beacon Hill Preparatory Academy closed in June of 2018. [Bankruptcy Case, Voluntary Pet., ECF No. 1, p. 13, ¶19].

9.  Debtor was the founder and registered agent of Beacon Hill Preparatory Academy. *See* Exhibit 2.

10. Debtor was the sole owner of Beacon Hill Preparatory Academy and acted as its Superintendent for 15 years. [Bankruptcy Case, Voluntary Pet., ECF No. 1, pp. 13, ¶19, 41, ¶1].

11. At the Section 341(a) Meeting of Creditors, Debtor testified that she has in her possession property from Beacon Hill Preparatory Academy.

12. At all relevant times hereto, Plaintiff owned and operated Ziebell School located at 14900 S. Rockwell, Posen, IL 60469 ("Ziebell School").

13. On or about February 24, 2011, the District entered into a lease agreement (the "Lease") with Beacon Hill Preparatory Academy c/o Pamela D. Strain ("Lessee") to rent the Ziebell School for the purpose of educating no more than 240 students per year. A true and correct copy of the Lease is attached hereto, and is incorporated herein, as **Exhibit 3**.

14. Pursuant to the Lease, the term "Lessee" is defined as follows:

> "E. The words "Lessor" and "Lessee" wherever used in this Lease shall be construed to mean Lessors or Lessees in all cases where there is more than one Lessor or Lessee, and to apply to individuals, male or female, or to firms or corporations, as the same may be described as Lessor or Lessee herein and the necessary grammatical changes shall be assumed in each case as though fully expressed."

Exhibit 3, ¶22E.

15. The first page of the Lease directly names Debtor. *See* Exhibit 3 at 1 (under the heading "Lessee"). Debtor is also referred to directly in paragraphs 14 and 21 of the Lease. *See* Exhibit 3 at 4, 7.

16. In addition to Debtor being identified as Lessee, on February 24, 2011, Debtor signed the Lease in her capacity as Superintendent of Schools and Board President. *See* Exhibit 3 at 8.

17. By the terms of the Lease, Debtor is directly and explicitly named as an individual Lessee.

18. The Lease period began July 1, 2011 and ended June 30, 2016. Exhibit 3, ¶1.

19. The terms of the Lease required the Lessee to pay the District monthly rent in the following amounts: $5,000 monthly for the periods July 1, 2011 until June 30, 2012 and $6,000 monthly for the periods July 1, 2012 until June 30, 2016. Exhibit 3, ¶1.

20. Under the terms of the Lease, the Lessee was not to misuse the property and was required to take care of the premises and appurtenances. *See* Exhibit, ¶6.

21. At the beginning of the lease period, the Ziebell School was outfitted with furniture and equipment owned by the Plaintiff.

22. Said furniture and equipment at the Ziebell School, which was owned by Plaintiff, included, among other items, the following personal property valued at $124,757.30 ("Converted Property"):

| Item | Quantity | Total Value |
|---|---|---|
| Student desks | 200 | $ 29,400.00 |
| Teacher desks | 6 | $ 1,974.00 |
| 8-foot latter | 1 | $ 98.00 |
| 20-inch buffer | 1 | $ 1,199.00 |
| 16-inch scrubber | 1 | $ 1,899.00 |
| Lunch tables | 14 | $ 13,368.32 |
| Lunch room benches | 22 | $ 7,325.78 |
| Metal chairs | 75 | $ 1,416.00 |
| Tall file cabinets (52-inch) | 30 | $ 47,309.70 |
| Short file cabinets (29-inch) | 10 | $ 10,169.90 |
| Student tables | 20 | $ 2,197.60 |
| Student computer tables | 20 | $ 8,400.00 |
| **TOTAL:** | | **$ 124,757.30** |

23. On January 7, 2015, Beacon Hill Preparatory Academy owed past due and outstanding rent payment(s) in the amount of $21,000 to the District. Debtor was informed by legal counsel for the Plaintiff that Debtor had until February 15, 2015 to make the payment to avoid being held in breach of the Lease.

24. The $21,000 due to the District was not paid on February 15, 2015.

25. Debtor and Beacon Hill Preparatory Academy continued to Ziebell School but did not make rent payments.

26. On June 25, 2015, District personnel arrived at Ziebell School and witnessed Beacon Hill Preparatory Academy staff moving items out of the building. At that time, the Converted Property was still at Ziebell School.

27. On June 29, 2015, District personnel and a fire inspector arrived at Ziebell School for a fire inspection. The Converted Property had been removed and was no longer at Ziebell School.

28. On or about July 21, 2015, Plaintiff demanded from Debtor the immediate return of the converted property but Debtor did not do so.

29. That as a direct and proximate result of Debtor's conversion of Plaintiff's property, Plaintiff suffered the following damages which are the natural, reasonable, and proximate results of the conversion to the sum of $124,757.30.

30. On or after June 30, 2015, Debtor or staff of Beacon Hill Preparatory Academy did not return to the School.

31. On June 30, 2015, Lessee/Debtor owed the District $57,000 for past due rent payments.

32. Lessee/Debtor failed to make payments for the remaining term of the Lease which equaled $72,000 in unpaid rent.

33. Plaintiff and the District had performed all of its obligations under the Lease.

34. Lessee/Debtor defaulted under the terms of the Lease by failing and refusing to remit payments to Plaintiff as required under the Lease.

35. The total amount due and owing under the Lease for non-payment of rent is $129,000.00.

36. On September 22, 2015, Plaintiff filed the Judgment Action in the Circuit Court of Cook County, Illinois against Beacon Hill Preparatory Academy and Debtor alleging two Counts: 1) Conversion of Property and 2) Breach of Contract.

37. On December 22, 2015, on oral motion, the Honorable Judge John C. Griffin entered a default order against Beacon Hill Preparatory Academy. A true and accurate copy of said default order is attached hereto and incorporated herein as **Exhibit 4**.

38. On February 22, 2016, the Honorable Judge John C. Griffin entered a Default Judgment Order against the defendants, Beacon Hill Preparatory Academy, et al. in the amount of $307,757.30. **Exhibit 1.**

39. In the Default Judgment Order, the Circuit Court of Cook County made the following findings:

    a. Beacon Hill Preparatory Academy, et al., converted property belonging to Plaintiff in the amount of $124.757.30

    b. Beacon Hill Preparatory Academy, et al., breached the lease agreement by abandoning the leased property and owed Plaintiff $129,000.00 in rent.

*See* Exhibit 1.

40. The Federal Bureau of Investigations ("FBI") obtained a search warrant for Debtor's home concerning Debtor's operation of Beacon Hill Preparatory Academy. A copy of the search warrant and supporting affidavit is attached as **Exhibit 5** and incorporated herein.

41. On information and belief, the basis for the FBI's search warrant included, but was not limited to, Debtor misspending millions of dollars of federal monies received for the operation of Beacon Hill Preparatory Academy or its lunch program for her own pecuniary gain by using such monies to: pay home mortgage payments for Debtor's home and residences of other family members, make insurance payments for Debtor's personal vehicles, put a down payment on a car Debtor co-signed with her daughter, and for personal items and grooming as well as personal travel. On information and belief, said investigation and matter is ongoing and/or currently pending. **Exhibit 5**.

42. Additionally, or alternatively, Beacon Hill Preparatory Academy was the alter ego of Debtor and therefore, Debtor is personally liable for debts incurred in the corporation's name in the Judgment Action.

43. Because of Debtor's misuse of funds, she pierced the corporate veil of Beacon Hill Preparatory Academy.

**COUNT I:**
**THE DEBT DUE TO PLAINTIFF IS NOT DISCHARGEABLE**
**UNDER BANKRUPTCY CODE SECTION 523(a)(4)**
**(Nondischargeable debt for money obtained by Embezzlement)**

44. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 43 as if fully set forth herein.

45. Pursuant to Bankruptcy Code Section 523(a)(4), 11 U.SC. § 523(a)(4), Debtor's debt to the Plaintiff must not be discharged because the debt owed is derived from Debtor's embezzlement of assets belonging to the Plaintiff.

46. The Converted Property, during the term of the lease and prior to the removal was rightfully possessed and used by Beacon Hill Preparatory Academy.

47. The Converted Property was to be used by Beacon Hill Preparatory Academy solely at the leased premises and was not to be permanently removed from the Ziebell School.

48. Debtor's removal of the property was intentionally fraudulent because the property was never returned to the leased premises or to Plaintiff.

## COUNT II:
## THE DEBT DUE TO PLAINTIFF IS NOT DISCHARGEABLE
## UNDER BANKRUPTCY CODE SECTION 523(a)(4)
**(Nondischargeable debt for money obtained by Larceny)**

49. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 48 as if fully set forth herein.

50. Additionally, or alternatively, pursuant to Bankruptcy Code Section 523(a)(4), 11 U.SC. § 523(a)(4), Debtor's debt to the Plaintiff must not be discharged because the debt owed is derived from Debtor having committed larceny against the Plaintiff.

51. Debtor took converted property belonging to Plaintiff with the intent to convert it or deprive the Plaintiff of same.

## COUNT III:
## THE DEBT DUE TO PLAINTIFF IS NOT DISCHARGEABLE
## UNDER BANKRUPTCY CODE SECTION 523(a)(6)
**(Nondischargeable debt for money obtained by Willful and Malicious Conduct)**

52. Plaintiff repeats and realleges the allegations in Paragraphs1 through 51 as if fully set forth herein.

53. Pursuant to Bankruptcy Code Section 523(a)(6), 11 U.S.C. § 523(a)(6), Debtor's debt to the Plaintiff must not be discharged because she committed willful and malicious injury against the Plaintiff.

54. Debtor intentionally refused to make rent payments as required by the Lease.

55. Debtor used Beacon Hill Preparatory Academy assets or funds for personal use rather than for Beacon Hill Preparatory Academy expenses.

56. Debtor unlawfully converted property belonging to Plaintiff.

57. The debt owed to Plaintiff by Debtor resulted in the unlawful conversion of Plaintiff's property and willful and malicious breach of the Lease as evidenced by the investigation into Debtor's other, alleged illegal conduct and overarching, unlawful scheme involving her purported management of a school. Debtor's malicious and unlawful scheme directly and intentionally caused Plaintiff injury in, at least, the amount secured by the Default Judgment Order.

## COUNT IV:
## THE DEBT DUE TO PLAINTIFF IS NOT DISCHARGEABLE UNDER BANKRUPTCY CODE SECTION 523(a)(2)(A)
### (Nondischargeable debt for money obtained by False Pretenses, False Representations or Actual Fraud)

58. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 57 as if fully set forth herein.

59. Pursuant to Bankruptcy Code Section 523(a)(2)(A), 11 U.S.C. §523(a)(2)(A), Debtor's debt to the Plaintiff must not be discharged because the debt was obtained by false pretenses, false representation or actual fraud.

60. Debtor signed the Lease representing that the Lessee will not permit any unlawful or immoral practice to be committed or carried on in the premises by Lessee or any other person.

61. Debtor made this representation to deceive Plaintiff into believing she was operating a lawful educational operation or that funding received would be used for lawful educational purposes.

62. Plaintiff justifiably relied on the representation.

63. On information and belief, Debtor, however, unlawfully diverted or used federal monies received for the educational operation for her own pecuniary gain rather than using for the expenses of Beacon Hill Preparatory Academy.

64. Additionally, or alternatively, Debtor unlawfully converted property belonging to the Plaintiff.

65. Plaintiff was damaged as a result of Plaintiff's unlawful activity.

WHEREFORE, based upon the above, the Plaintiff respectfully requests that that the Court:

A. Determine that the Default Judgment for the converted property in the amount of $124.757.30 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), or 11 U.S.C. § 523(a)(6).

B. Determine that the Default Judgment for non-payment of rent in the amount of $129,000 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), or 11 U.S.C. § 523(a)(6).

C. Grant Plaintiffs such other and further relief as this case may require and the Court deems just and proper including but not limited to costs and attorneys' fees.

Respectfully submitted,

BOARD OF EDUCATION POSEN
ROBBINS SCHOOL DISTRICT 143.5,

By:  s/ Leslie Quade Kennedy
      One of its Attorneys

Michael McGrath
Leslie Quade Kennedy
Ross D. Secler
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL  60805
(708) 424-5678
*lkennedy@odelsonsterk.com*