IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 18-13674 |
| | ) | |
| PAMELA D. STRAIN | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | Hearing: 02/07/2019 9:30 AM |

### ILLINOIS DEPARTMENT OF REVENUE'S OBJECTION TO TRUSTEE'S MOTION TO SELL REAL ESTATE COMMONLY KNOWN AS 14755 PERRY AVENUE, SOUTH HOLLAND, ILLINOIS AND PAY REAL ESTATE APPRAISER

The Illinois Department of Revenue ("IDOR"), by its attorney, Kwame Raoul, Illinois Attorney General, objects to the Trustee's Motion to Sell Real Estate Commonly Known As 14755 Perry Avenue, South Holland, Illinois and Pay Real Estate Appraiser (Dkt. 70) for the following reasons:

1. IDOR is a secured creditor in this case by its recorded income tax liens.

2. Under Illinois law, IDOR's income tax liens arise upon assessment and attach to all property and rights to property, whether real or personal, of the taxpayer. 35 ILCS 5/1101. At all relevant times, perfection of IDOR's tax liens was accomplished by recording lien with in the county in which the property subject to the lien is located.[1] *See* 35 Ill. Comp. Stat. Ann. 5/1103 (West 2017).

3. IDOR has recorded two separate tax liens against the Debtor with the Cook County Recorder of Deeds. The first tax lien was recorded on October 25, 2011,

---

[1] As of January 1, 2018, all IDOR tax liens are filed in the State Tax Lien Registry, however liens filed with the county recorder priority to effective date of the State Tax Lien Registration Act remain valid. 35 ILCS 750/1-5(c).

1

for assessments made for 2006 and 2007 Illinois Income Tax. The second tax lien was recorded on September 17, 2015, for assessments made for 2010, 2011, and 2012 Illinois Income Tax.

4. IDOR has claimed these income tax assessments and associated statutory penalties and interest as secured in the total amount of $11,966.50. *See* Claim No. 1-2, attached as **Exhibit A**.

5. The Trustee has moved to sell property held in a trust for which the Debtor has a beneficial interest. (Dkt. 70 at ¶¶ 3 and 4.) The property is to be sold "as is" and subject to all existing liens, claims, and encumbrances. (*Id.* at ¶ 8.)

6. IDOR does not object to the adequacy of the sale price or terms. IDOR also does not object to the payment of compensation to the appraiser. IDOR limits its objection to the effect of the proposed sale on its interest.

7. IDOR objects because it is unclear from the motion what, if any, effect the proposed sale will have on its interest. The trust that allegedly holds the property to be sold is only identified as an "inter vivos trust", however IDOR's liens can be considered a lien on real property or a lien on personality (the beneficial interest) depending on how the trust is structured. *See, e.g., Chicago Fed. Sav. & Loan Ass'n v. Cacciatore*, 25 Ill. 2d 535, 185 N.E.2d 670 (1962).

8. To the extent that IDOR's interest in the beneficial interest is severed from the property under the proposed sale, IDOR is entitled to adequate protection pursuant to § 363(e) in the amount of the total value of its interest.

9. Additionally, IDOR objects to the sale to the extent that IDOR's interest does not attach to the sale proceeds for distribution is accordance with § 724(b).

WHEREFORE, IDOR respectfully requests that this Court deny the Trustee's motion unless the order provides for IDOR's interest to attach to proceeds of the sale for distribution in accordance with § 724(b).

                        ILLINOIS DEPARTEMENT OF REVENUE

                        BY:    KWAME RAOUL
                                Illinois Attorney General

                        BY:    */s/ Robert O. Lynch*
                                ROBERT O. LYNCH
                                Assistant Attorney General
                                100 W. Randolph St.
                                13th Floor
                                Chicago, Illinois 60601
                                (312) 814-5195
                                Robert.lynch2@illinois.gov

## CERTIFICATE OF SERVICE

      I, Robert O. Lynch, an attorney, hereby certify that on February 5, 2019, I caused a copy of the ILLINOIS DEPARTMENT OF REVENUE'S OBJECTION TO TRUSTEE'S MOTION TO SELL REAL ESTATE COMMONLY KNOWN AS 14755 PERRY AVENUE, SOUTH HOLLAND, ILLINOIS AND PAY REAL ESTATE APPRAISER to be served electronically through the Court's CM/ECF system, or by U.S. Mail, postage pre-paid, at Chicago, Illinois 60601, upon the parties listed below.

                                                 */s/ Robert O. Lynch*

**Service Via CM/ECF**

- **Richard B Aronow**     raronow@logs.com, BK_IL_Notice@fisherandshapirolaw.com
- **Lorraine M Greenberg**     lgreenberg@greenberglaw.net, r41893@notify.bestcase.com
- **Ronald J. Kapustka**     ndaily@ksnlaw.com, bankruptcy@ksnlaw.com
- **Patrick S Layng**     USTPRegion11.ES.ECF@usdoj.gov
- **Phillip D Levey**     levey47@hotmail.com
- **Phillip D Levey**     levey47@hotmail.com, plevey@ecf.epiqsystems.com
- **Terri M Long**     tmlong@tmlong.com, Courts@tmlong.com
- **David A. Newby**     dnewby@momkus.com, lholub@momkus.com
- **Ross D Secler**     rsecler@odelsonsterk.com

**Service Via U.S. Mail**

Phillip D. Levey
2722 North Racine Avenue
Chicago, IL 60614

**Fill in this information to identify the case:**

Debtor 1   Pamela Strain
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **Northern District of Illinois**
Case number:   **18–13674**

FILED
U.S. Bankruptcy Court
Northern District of Illinois
1/14/2019

Jeffrey P. Allsteadt, Clerk

Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Illinois Department of Revenue<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor | |
| 2. **Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? | |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>Illinois Department of Revenue<br>Name<br>Bankruptcy Section, P.O. Box 19035<br>Springfield, IL 62794–9035<br><br>Contact phone   217–557–9474<br>Contact email   rev.bankruptcy@illinois.gov<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): | **Where should payments to the creditor be sent?** (if different)<br>Name<br><br><br><br>Contact phone<br>Contact email |
| 4. **Does this claim amend one already filed?** | ☐ No<br>☒ Yes. Claim number on court claims registry (if known)   1 | Filed on   10/17/2018<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? | |

Official Form 410   Proof of Claim   page 1



**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 8825 |

7. **How much is the claim?**  $ 17734.71

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Taxes

9. **Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
☑ Motor vehicle
☑ Other. Describe: by statue, any & all property

**Basis for perfection:** See attached

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $

**Amount of the claim that is secured:** $ 11966.50

**Amount of the claim that is unsecured:** $ 5768.21   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 11966.50

**Annual Interest Rate** (when case was filed)   4 %
☐ Fixed
☑ Variable

10. **Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $

11. **Is this claim subject to a right of setoff?**
☐ No
☑ Yes. Identify the property: Reserve right should it be determined any payment due debtor

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No<br>☑ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 1113.07 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  1/14/2019
MM / DD / YYYY

/s/ Rosalind Harmon
Signature

Print the name of the person who is completing and signing this claim:

Name: Rosalind Harmon
First name   Middle name   Last name

Title: Revenue Tax Specialist

Company: Illinois Department of Revenue
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: Bankruptcy Section, P.O. Box 19035
Number  Street
Springfield, IL 62794–9035
City  State  ZIP Code

Contact phone: 217–557–9474    Email: rev.bankruptcy@illinois.gov



**Illinois Department of Revenue
Attachment to Proof of Claim
Bankruptcy 18-13674 filed 10-May-2018 by
PAMELA D. STRAIN**

| Period | Assessed* | Tax Type | Tax ID | Calculated To Bankruptcy Petition Date | | | Lien | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Tax | Penalty | Interest | Date | County |
| 12/31/2006 | 03/12/2009 | IL Individual Income Tax | 8825 | $471.00 | $143.04 | $391.54 | 10/25/2011 | Cook |
| 12/31/2007 | 10/09/2009 | IL Individual Income Tax | 8825 | $359.00 | $139.16 | $243.72 | 10/25/2011 | Cook |
| 12/31/2010 | 06/09/2014 | IL Individual Income Tax | 8825 | $1,547.00 | $285.63 | $317.72 | 09/17/2015 | Cook |
| 12/31/2011 | 06/09/2014 | IL Individual Income Tax | 8825 | $2,812.00 | $437.44 | $479.31 | 09/17/2015 | Cook |
| 12/31/2012 | 06/09/2014 | IL Individual Income Tax | 8825 | $3,291.48 | $550.76 | $497.70 | 09/17/2015 | Cook |
| 12/31/2013 | 01/23/2017 | IL Individual Income Tax | 8825 | $3,283.00 | $778.06 | $461.84 | | |
| 12/31/2016 | Estimated | IL Individual Income Tax | 8825 | $208.00 | $24.96 | $8.82 | | |
| 12/31/2017 | Estimated | IL Individual Income Tax | 8825 | $894.00 | $107.28 | $2.25 | | |

*If "Assessed" = "Priority" then equitable tolling applies*

IDOR-7-BC (R-11/15) - 410 Attachment

# Notice of Tax Lien



tax.illinois.gov

October 19, 2011

PAMELA STRAIN
20471 BLUESTEM PKWY
LYNWOOD IL  60411-8546

**County Name:**         Cook
**Lien ID:**                  200787
**Tax Types:**             IL Individual Income Tax

We have issued this tax lien in accordance with the various tax acts administered by the Illinois Department of Revenue and the Illinois Compiled Statutes.

The debtor named on this notice owes the State of Illinois the following amount including penalty and interest:

**$1,362.16**

Each debt that is included in this total is listed on the following page. The total amount shown, plus any interest and applicable penalties and fees that accrue, is a lien in favor of the Illinois Department of Revenue on all real and personal property that is currently owned or hereafter acquired by the taxpayer named on this notice. This tax lien will remain until the debt is paid.

Brian Hamer, Director
ILLINOIS DEPARTMENT OF REVENUE

LIEN UNIT
ILLINOIS DEPARTMENT OF REVENUE
PO BOX 19035
SPRINGFIELD IL 62794-9035

217 785-5299
217 785-2635 fax

This is a reproduction of a lien that was recorded in Cook County on 10/25/2011. A copy of the original lien can be obtained from the Cook County Recorder's Office.  IDOR will treat this reproduction with the same force and effect that would be given to the original document.

**Lien ID:  200787**     **October 19, 2011**     **Details Page:  1**

Listed below are the tax types and identifying numbers that make up the total tax, penalty, and interest due on this notice of tax lien.

| Tax Type: | Reporting Period: | Bill Item #: | NPL/1002D/TOA |
|---|---|---|---|
| IL Individual Income Tax | December 31, 2006 | 1 | |
| IL Individual Income Tax | December 31, 2007 | 1 | |

This is a reproduction of a lien that was recorded in Cook County on 10/25/2011. A copy of the original lien can be obtained from the Cook County Recorder's Office.  IDOR will treat this reproduction with the same force and effect that would be given to the original document.

IDOR-6-LN-MTI (R-1/18)
Page 2

# Notice of Tax Lien



**STATE OF Illinois**
**DEPARTMENT OF REVENUE**

tax.illinois.gov

September 9, 2015

PAMELA STRAIN
20471 BLUESTEM PKWY
LYNWOOD IL  60411-8546

**County Name:**      Cook
**Lien ID:**               161792
**Tax Types:**            IL Individual Income Tax

We have issued this tax lien in accordance with the various tax acts administered by the Illinois Department of Revenue and the Illinois Compiled Statutes.

The debtor named on this notice owes the State of Illinois the following amount including penalty and interest:

**$9,434.36**

Each debt that is included in this total is listed on the following page. The total amount shown, plus any interest and applicable penalties and fees that accrue, is a lien in favor of the Illinois Department of Revenue on all real and personal property that is currently owned or hereafter acquired by the taxpayer named on this notice. This tax lien will remain until the debt is paid.

Constance Beard, Director
ILLINOIS DEPARTMENT OF REVENUE

LIEN UNIT
ILLINOIS DEPARTMENT OF REVENUE
PO BOX 19035
SPRINGFIELD IL 62794-9035

217 785-5299
217 785-2635 fax

This is a reproduction of a lien that was recorded in Cook County on 9/17/2015. A copy of the original lien can be obtained from the Cook County Recorder's Office.  IDOR will treat this reproduction with the same force and effect that would be given to the original document.

IDOR-6-LN-MTI (R-1/18)
Page 1

**Lien ID:  161792**               **September 9, 2015**               **Details Page:  1**

Listed below are the tax types and identifying numbers that make up the total tax, penalty, and interest due on this notice of tax lien.

| Tax Type: | Reporting Period: | Bill Item #: | NPL/1002D/TOA |
|---|---|---|---|
| IL Individual Income Tax | December 31, 2010 | 1 | |
| IL Individual Income Tax | December 31, 2011 | 1 | |
| IL Individual Income Tax | December 31, 2012 | 1 | |

This is a reproduction of a lien that was recorded in Cook County on 9/17/2015. A copy of the original lien can be obtained from the Cook County Recorder's Office.  IDOR will treat this reproduction with the same force and effect that would be given to the original document.